**FILED & ENTERED**

MAR 05 2020

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** egonzale **DEPUTY CLERK**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re:<br><br>Joseph Daniel Beam<br><br>Debtor(s).  | CHAPTER 7<br><br>Case No.:  1:17-bk-10853-MB<br>Adv No:   1:17-ap-01046-GM<br><br>**TENTATIVE RULING ON MOTION FOR AN ORDER TO SHOW CAUSE SEEKING SANCTIONS AS TO KATHLEEN MORENO [dkt. #49, 57]**<br><br>Date:        March 3, 2020<br>Time:       10:00 AM<br>Courtroom: 303 |
| Ellen Henderson<br><br>Plaintiff(s),<br><br>v.<br><br>Joseph Daniel Beam<br><br>Defendant(s). | |

     On Feb. 3, 2020 Ms. Henderson filed an amended motion for an order to show cause and sanctions against Ms. Moreno for failure to appear.  The amended motion deals with the Jan. 28, 2020 hearing in which Ms. Moreno failed to appear, file a

response to the prior sanctions motion, or advise Ms. Henderson or the Court that she would not be appearing.

The amended motion (dkt. 57) deals with a separate matter from the original motion for sanctions (dkt. 49), but the Court allowed that at the Jan. 28 hearing. The Court also prepared and served its own OSC (cal. #5, dkt. 54).

As of noon on 3/2, there has been no response from Ms. Moreno. Ms. Henderson filed a supplemental reply that Ms. Moreno has been in touch with her with an offer to settle. She rejected the offer.

The Court is dealing with the amended motion as part of the OSC (cal. #5). The tentative ruling is to award Ms. Henderson $500 in sanctions, payable no later than April 2. As to the original motion, the tentative ruling on 12/23/19 stands. It seems appropriate that Ms. Henderson be awarded the amount of $500 for Ms. Moreno's failure to appear on 12/23. This would compensate her for having to appear multiple times with no resolution. This is to be paid no later than April 2, 2020 or a judgment and writ will issue. Further, because the sanctions awards for this motion and for the OSC (cal. #5) are linked, totaling the amount of $1,100, they will be reported to the State Bar of California. They will also be reported to Judge Dordi of the Superior Court who is presiding over the Family Law matter.

Prior tentative ruling (12/23/19)

Ms. Henderson, the plaintiff in this §727 adversary proceeding, seeks a Order to Show Cause why the Kathleen Moreno, attorney for the defendant, should not be sanctioned for failure to personally appear at the September 24, 2019 status conference. Not only did counsel not appear, but she did not even file a status report. A substitute attorney appeared for her, but that counsel came 2 hours late and testified that she only received a phone call from Ms. Moreno late that morning asking her to appear. The substitute counsel did not know the name of the case, the case number, or the purpose of the hearing. Thus the hearing could not proceed and had to be delayed.

Previously Ms. Moreno was subject to an osc re:contempt for failure to appear on July 13, 2017 and for an osc for failure to file disclosure of compensation (11 USC §329) on defendant's first case (16-13291), which was dismissed for failure to file the required documents.

This motion seeks sanctions of up to $1,000 under LBR 7016-1(a)(1) & (2), and (f)(3).

This was served on 11/19 and Ms. Moreno was in court on 11/19 and knows about this. On 11/19 I ordered that Ms. Moreno file her opposition by 11/26 and Ms. Henderson file her reply brief by 12/5. No opposition received as of 12/18.

## Analysis

Since there has been no written opposition, unless the parties have settled this, the motion must be granted to the extent that the allegations are actionable and the amount justified. My concerns are set forth below and I need Ms. Henderson to clarify the issues that I raise.

(1) I am somewhat confused by the issue of Ms. Moreno's disclosure of compensation in the 2016 case. That case was dismissed three years ago. There is a statement of compensation in this 2017 case (doc. 16, p. 45). It shows that she is working without compensation.

(2) As to the failure to appear at the September 24, 2019 status conference and to file a status report, this does seem to be a pattern. It must stop. Ms. Henderson is not an attorney and is not entitled to attorney fees, but LBR 7016-1(f) states:

> In addition to the sanctions authorized by F.R.Civ.P. 16(f), if a status conference statement or a joint proposed pretrial stipulation is not filed or lodged within the times set forth in subsections (a), (b), or (e), respectively, of this rule, the court may order one or more of the following:

(1) A continuance of the trial date, if no prejudice is involved to the party who is not at fault;

(2) Entry of a pretrial order based conforming party's proposed description of the facts and law;

(3) An award of monetary sanctions including attorneys' fees against the party at fault and/or counsel, payable to the party not at fault; and/or

(4) An award of non-monetary sanctions against the party at fault including entry of judgment of dismissal or the entry of an order striking the answer and entering a default.

It is appropriate that Ms. Henderson be compensated for her time, effort, and irritation due to the failure of Ms. Moreno to carry out her required duties as counsel for the Debtor/Defendant. However, $1,000 seems to be excessive. Let's discuss the proper amount.

Date: March 5, 2020

Geraldine Mund
United States Bankruptcy Judge